A fair preponderance of the evidence (see Family Ct Act § 832), including petitioner’s testimony, supports the court’s finding that respondent had committed acts that constitute the family offense of harassment in the second degree (see Family Ct Act § 812 [1]; Fenal Law § 240.26 [3]), warranting the issuance of an order of protection (see Family Ct Act § 841). There is no basis to disturb the court’s credibility determinations (see Matter of F.B. v W.B., 248 AD2d 119 [1st Dept 1998]).
The order of protection is valid despite the lack of a dispositional hearing. “There is no explicit statutory mandate that a dispositional hearing be conducted in proceedings under Family Court Act article 8” (Matter of Hazel P.R. v Paul J.P., 34 AD3d 307, 308 [1st Dept 2006]). In addition, respondent never demanded, or objected to the lack of, such a hearing (see Matter of Tonya B. v Matthew B., 90 AD3d 463, 463 [1st Dept 2011]). Moreover, since there is no other legal remedy available for the harassment proved against respondent and she “does not suggest any remedy other than issuance of an order of protection, a separate dispositional hearing would have served no purpose” (Matter of Annie C. v Marcellus W, 278 AD2d 177, 177-178 [1st Dept 2000]). Concur — Saxe, J.P., Friedman, Acosta, Renwick, Freedman, JJ.